UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYDONTAE WORTHEY, #982382,

        Plaintiff,

v.

        CASE NO. 2:22-CV-11164
        HON. NANCY G. EDMUNDS

WARDEN MINIARD, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I.  Introduction

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Raydontae Worthey ("Plaintiff"), currently confined at the Carson City Correctional Facility, raises claims concerning a prison yard assault and ensuing fight, which he asserts lasted 60 minutes and resulted in a fighting misconduct, while he was confined at the Saginaw Correctional Facility in August, 2021. In his complaint (as amended), Plaintiff alleges that corrections officials failed to protect him from (or stop) an assault by a fellow inmate, failed to provide proper medical care after the assault, failed to properly investigate and respond to his grievances, failed to properly issue a critical incident report, and erred in conducting his disciplinary hearing. He names Warden Miniard, Deputy Warden C. Walker, Assistant Deputy Warden J. Anderson, Inspectors Morgan and Price, Grievance Coordinators A. Pratt and S. Flaugher, Lieutenants Ferns and Fair, Captain Miller, Sergeants Anderson, Schaaf, Andrewski, and Farris, Corrections Officers Page, McCauley, Cooper, Trevino, Rutkowski, Roziar, Snyder, and Valiniti, Resident Unit Manager Reivert,

Health Unit Manager McCauley, Hearing Investigator Blakely, Hearing Officer Pezon, fellow inmate Rivers, Nurses Jones, Gross, and Stack, and Prison Counselor Bischer as the defendants in this action and sues them in their individual and official capacities. He seeks injunctive relief, monetary damages, and other appropriate relief. Plaintiff paid the filing fee for this action.

## II. Review Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal

conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to partial summary dismissal.

### III.     Discussion

####     A.     Claims against defendant Rivers

Plaintiff's claims against fellow inmate Rivers must be dismissed because Rivers is a private individual, not a state actor subject to suit under 42 U.S.C. § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (citing *American*); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (a plaintiff may not generally proceed under § 1983 against a private party).

A private individual is not liable for alleged civil rights violations under § 1983 unless his or her conduct is "fairly attributable" to the State, such as where the State provides "significant encouragement" for the disputed conduct or the actor is a "willful participant in joint activity with the State or its agents." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)). Absent such a showing, inmates do not act "under color of any state statute, ordinance, regulation, custom, or usage" as required to be liable under § 1983. *Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992). Plaintiff does not allege facts to show that Rivers acted at the behest of, or in concert with, any state officials. Rivers is thus not subject to suit under § 1983 and Plaintiff's claims against him must be dismissed.

####     B.     Claims against defendants Miniard, Morgan, Walker, J. Anderson, Price, Sgt. Anderson, Fair, Reivert, Schaff, Andreski, Farris, and Bischer

Plaintiff's claims against defendants Miniard, Morgan, Walker, J. Anderson, Price, Sgt. Anderson, Fair, Reivert, Schaff, Andreski, Farris, and Bischer must also be dismissed.

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to those defendants. He does not allege any facts explaining what those defendants specifically did or did not do to violate his rights. Rather, he generally alleges that they should be liable for the conduct of subordinates or others under their supervision. Any assertion that those defendants (or any defendants) failed to supervise an employee, should be vicariously liable for another's conduct, failed to investigate the incident, and/or did not properly respond to his complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff's claims against any of the defendants based upon a theory of supervisory liability must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also does not allege facts showing that any claimed injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately train or supervise employees pursuant to such a policy. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).

Consequently, Plaintiff's claims against defendants Miniard, Morgan, Walker, J. Anderson, Price, Sgt. Anderson, Fair, Reivert, Schaff, Sgt. Andreski, Farris, and Bischer must be dismissed for failure to state a claim upon which relief may be granted.

> **C.  Claims against defendants Ferns, Walker, A. Pratt, S. Flaugher, Miller, Sgt. Anderson, Fair, Schaff, Andreski, Farris re: Investigation & Grievances**

Plaintiff's claims against defendants Ferns, Walker, A. Pratt, S. Flaugher, Miller, Sgt. Anderson, Fair, Schaff, Andreski, and Farris (and any other defendant) concerning the alleged failure to investigate the incident and the denial of his grievances must be dismissed. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of the incident and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor*

*v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).  A failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983.  *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct.  *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff thus fails to state a claim against defendants Ferns, Walker, A. Pratt, S. Flaugher, Miller, Sgt. Anderson, Fair, Schaff, Andreski, and Farris (and any other defendant) concerning the investigation of the incident and the response to his grievances.

### D.  Negligence Claims

Plaintiff also seems to allege that certain defendants engaged in negligent conduct.  It is well-settled, however, that claims of negligence concerning a prisoner's treatment are not cognizable in a civil rights action under § 1983.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Collins v. City of Harker Hgts.*, 503 U.S. 115, 127–28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983); *Lewellen v. Metro. Gov't of Nashville & Davidson Co.*, 34 F.3d 345, 348 (6th Cir. 1994).  Consequently, to the extent that Plaintiff alleges that any defendants were negligent, he fails to state a claim upon which relief may be granted in this action.

### E.  Violations of MDOC Policy

Plaintiff also seems to allege that certain defendants violated MDOC policies, e.g.,

7

by failing to properly submit a critical incident report.  Section 1983 remedies violations of federal law, not state law or prison policy.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007).  Alleged violations of Michigan law or MDOC policy do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983.  *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347. 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation.").  Plaintiff's claims concerning alleged violations of MDOC policy thus fail to state a claim upon which relief may be granted under § 1983.

      **F.**      **Claims against defendants Blakely and Pezon re: Disciplinary Hearing**

Plaintiff's claims against defendants Blakely and Pezon concerning his disciplinary hearing must also be dismissed.  First, to the extent that Plaintiff challenges the outcome of the disciplinary proceedings, he fails to state a claim for relief.  Even false accusations of misconduct against an inmate do not constitute a deprivation of constitutional rights when the charges are adjudicated in a proper administrative hearing.  *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout*, 808 F.2d

949, 951 (2d Cir. 1986). Second, Plaintiff fails to allege facts which indicate that his due process rights were violated during his disciplinary proceedings under the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (ruling that the minimum due process requirements for a prison disciplinary hearing are: (1) written notice of the charges; (2) an opportunity to call witnesses and present evidence; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon and the reason for any action taken), and *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985) (ruling that a disciplinary hearing decision must be supported by "some evidence" in the record). As discussed, conclusory allegations without material supporting facts are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a claim upon which relief may be granted against defendants Blakely and Pezon (or any defendants) as to this issue. *See Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005) (citing cases).

### G.     Eleventh Amendment Immunity

The Michigan Department of Corrections ("MDOC") employees named as defendants are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877

(6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan and the MDOC, an agency within the Michigan government, are entitled to Eleventh Amendment immunity. *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The defendants who are all employees of the MDOC and thereby the State of Michigan and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive relief against the MDOC defendants in their official capacities must therefore be dismissed.

### H.    Remaining Claims

Plaintiff's remaining claims concern the alleged failure of defendant Corrections Officers Page, McCauley, Cooper, Trevino, Rutkowski, Roziar, Snyder, and Valiniti to protect him from (and stop) an assault by inmate Rivers and the alleged failure by

defendant HUM McCauley and Nurses Jones, Gross, and Stack to provide him proper medical care after the incident. Such claims, construed liberally, state potential, plausible claims for relief under § 1983. Consequently, those claims survive the initial screening process and are not subject to dismissal.

## IV.     Conclusion

For the reasons stated, the Court concludes that defendant Rivers is not a state actor subject to suit in this action, that Plaintiff fails to state claims against defendants Miniard, Morgan, Walker, J. Anderson, Price, Sgt. Anderson, Fair, Reivert, Schaff, Andreski, Farris, Bischer, Ferns, A. Pratt, S. Flaugher, Miller, Sgt. Anderson, Blakely, and Pezon, that Plaintiff fails to state a claim upon which relief may be granted as to his claims of supervisory liability, the failure to investigate/denial of grievances, violations of MDOC policy, negligence, and his disciplinary hearing. Accordingly, those defendants and those claims are dismissed from this action.

The Court also concludes that the MDOC defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court dismisses the claims for monetary damages (and any non-prospective injunctive relief) against them in their official capacities.

The Court further concludes that Plaintiff states plausible claims for relief under § 1983 concerning his failure to protect and medical care claims against the remaining defendants, Corrections Officers Page, McCauley, Cooper, Trevino, Rutkowski, Roziar, Snyder, and Valiniti, HUM McCauley, and Nurses Jones, Gross, and Stack, which survive the Court's initial screening process. While Plaintiff may or may not prevail on those claims, he states potential claims for relief such that those claims are not subject to summary dismissal.

11

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

                                              s/ Nancy G. Edmunds
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated: October 31, 2022